### CLARK, Plaintiff-Appellee, v CO-OPERATIVE TRANSIT CO., Defendant-Appellant.

Ohio Appeals, Seventh District, Belmont County.

No. 820.   Decided December 14th, 1946.

Michener and Dankworth, Bridgeport, for plaintiff-appellee.

Gordon D. Kinder and John C. Firmin, Martins Ferry, for defendant-appellant.

## OPINION

By PHILLIPS, J.

About four o'clock on the afternoon of November 15, 1944, plaintiff was driving his automobile in a northerly direction on Noble Street in the city of Bellaire, Ohio, at a speed of between ten and twenty-five miles an hour, and approximately ten feet from the easterly curb of Noble Street, and had entered the intersection of Thirty-Seventh Street therewith, at which point Noble Street jogs to the west to pass under an overhead bridge, which is supported by three piers situated in the intersection of those two duly dedicated and accepted highways of such city, and was upon the tracks of the defendant corporation, which extend on Noble Street between such piers and the north abutment of the mentioned bridge, when an agent, servant and employee of defendant corporation operated one of its cars, about six miles an hour, in a southerly direction on Noble Street and was in the act of turning in an easterly direction on Thirty-Seventh Street. As the alleged result of such operation of defendant's vehicle plaintiff's car was wedged between defendant corporation's streetcar and the curb on the easterly side of Noble Street and the northerly side of Thirty-Seventh Street damaging it to the extent of $30.09.

Plaintiff obtained judgment against defendant for that amount in a court of a justice of the peace in and for Pultney Township, Belmont County, Ohio.

Defendant appealed from that judgment to the court of common pleas of Belmont County, whereby agreement of counsel for the parties it was tried before a judge of that court without the intervention of a jury, who found "in favor of plaintiff and against defendant in the sum of $30.09" and entered judgment on that finding.

Defendant appealed from that judgment to this court on questions of law.

Plaintiff testified that as he drove his automobile upon the tracks of the defendant corporation, over which he had driven often, he didn't look for a street car at that time or place, assumed that he need not look "in that hole" to see if anything was coming, and didn't back up because he had no right to as it was a through street, but stopped his automobile, looked to the left, saw defendant's car twenty-five to forty feet distant, blew his horn twice to attract the motorman's attention, who at that time was surrounded by passengers standing on the front platform with him, and who was facing southwesterly, watched traffic generally, then drove five feet and stopped.

Defendant's motorman testified that after observing no traffic approaching on Thirty-Seventh Street or from the rear of the car he was operating when he was half way through the curve he looked down Noble Street and saw plaintiff's automobile about four or five feet south of the intersection of Noble Street and Thirty-Seventh Street, threw the power off the car, applied the brakes and stopped it within ten or twelve feet, during which time plaintiff's automobile traveled about twenty-five feet; verified plaintiff's testimony as to the presence of the passengers on the front platform of the car he was operating, but didn't notice whether they were conversing.

There is testimony relating to the distances the respective parties could see as they approached the scene of the collision of the respective vehicles, and one of defendant's witnesses, who testified he first saw plaintiff's automobile on Noble Street twenty-five feet south of the intersection of Thirty-Seventh Street therewith, and that it did not stop before such collision; and other evidence which it is not necessary to state to dispose of the errors assigned.

Counsel for defendant contends that "the trial court erred in overruling the defendant's motion for a directed verdict at the close of plaintiff's case," which motion as disclosed by

the bill of exceptions was not renewed at the close of all the evidence, and the overruling of which motion defendant's counsel erroneously assigns as a ground of error.

"When a motion of a defendant for a directed verdict is made at the conclusion of plaintiff's evidence and overruled, the defendant has an election either to stand on his exception to the ruling or to proceed with his defense; and if he accepts the ruling, however erroneous it may be, and proceeds with his defense, introducing evidence on his own behalf, he thereby waives his right to rely on the denial of his original motion." Halkias, Appellee v Wilkoff Co., Appellant, 141 Oh St 139.

Counsel for defendant also contends that the trial court erred in not finding plaintiff guilty of contributory negligence as a matter of law.

"In a personal injury action by a pedestrian against an operator of a motor vehicle, where it appears from the evidence that the pedestrian is guilty of negligence per se by reason of violating an ordinance of a municipality and it further appears that there is evidence tending to show negligence on the part of the operator of the motor vehicle and direct causal connection between such operator's negligence and pedestrian's injury, the issue still remains as to whether pedestrian's negligence directly contributed to produce his own injury and is one for the jury provided the state of record is such that reasonable minds may differ on the conclusions to be drawn from the evidence on that issue." Smith, Appellant, v Zone Cabs, a Partnership, et al., Appellees, 135 Oh St 415.

See also Glasco, Appellant, v Mendelman, Appellee, 143 Oh St 649.

In our opinion the court did not err as urged in this assigned ground of error.

The question of negligence of the respective parties and the proximate cause of plaintiff's damages were questions for the determination of the trial judge sitting as a jury, whose finding and judgment entered thereon we can not say are supported by insufficient evidence, are against the manifest weight of the evidence, or contrary to law.

Counsel has not called our attention to "other errors apparent on the face of the record," and accordingly we do not pass on that assigned ground of error.

The judgment of the court of common pleas is affirmed.

NICHOLS, PJ, and CARTER, J, concur in judgment.